UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAURA FIELD,

    Plaintiff,

v.    Civil Action No. 10-10385-JLT

JANET NAPOLITANO,

    Defendant.

ORDER

March 3, 2011

TAURO, J.

Plaintiff is the administratrix of the estate of her husband Martin Field ("Field"), a former employee of the Transportation Security Administration ("TSA"). Plaintiff brings suit against Defendant for employment discrimination due to disability and retaliation in violation of the Rehabilitation Act.[1] Because the Aviation and Transportation Security Act ("ATSA")[2] preempts the Rehabilitation Act, Defendant's Motion to Dismiss [#8] is ALLOWED.

The ATSA authorizes the TSA to set qualifications, conditions, and standards of employment for airport security screeners such as Field.[3] In addition to so authorizing the TSA, Congress provided that "[n]otwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation,

---

[1] 29 U.S.C. § 791 et seq.

[2] 49 U.S.C. § 44935.

[3] See id.

terms, and conditions of employment for Federal Service" for federally employed security screeners.[4] The Supreme Court has explained that the "notwithstanding" clause "clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."[5] Moreover, the Seventh and Eleventh Circuits have held explicitly that the ATSA preempts the Rehabilitation Act.[6]

In addition, Plaintiff's retaliation claim is based on Field engaging in a protected activity under the Rehabilitation Act, but because Plaintiff has no cause of action under the Rehabilitation Act, her retaliation claim also fails.

For the foregoing reasons, this court is persuaded that the ATSA preempts the Rehabilitation Act. For that reason, Defendant's Motion to Dismiss is ALLOWED and this case is CLOSED.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

---

[4] Id.

[5] Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18 (1993) (explaining that the Courts of Appeals have interpreted the "notwithstanding" language in the same way).

[6] Joren v. Napolitano, No. 10-1017, 2011 WL 350475 (7th Cir. Feb. 7, 2011) ("We now join every other circuit to have considered the question and conclude that the plain language of the ATSA preempts application of the Rehabilitation Act to security screeners." (citing Castro v. Sec'y of Homeland Security, 472 F.3d 1334, 1337 (11th Cir. 2006); Conyers v. Merit Sys. Prot. Bd., 388 F.3d 1380, 1383 (Fed. Cir. 2004); Conyers v. Rossides, 558 F.3d 137, 144 (2d Cir. 2009))); Castro, 472 F.3d at 1336; see also Rossides, 558 F.3d at 144 (holding that the "notwithstanding" clause of the ATSA overrides provisions of the Administrative Procedures Act).